UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARTIN KELLER,

      Plaintiff,

v.                                                      CASE NO. 8:15-cv-1773-T-23TBM

JASPER CONTRACTORS INC.,

      Defendant.

_____/

## ORDER

Alleging retaliation in violation of the Florida Private Whistleblower's Act, the plaintiff sued (Doc. 2) in state court. The defendant removes (Doc. 1) and alleges diversity jurisdiction under 28 U.S.C. § 1332.

To establish the amount in controversy, the defendant states that the plaintiff's "damages in the form of lost wages, including back pay and front pay; lost benefits; humiliation; pain and suffering; attorneys' fees; and other monetary relief" exceed $75,000. (Doc. 1 at 2) The defendant estimates that two years of back pay "would equal approximately $130,000 in damages." (Doc. 1 at 2) However, the defendant calculates the plaintiff's back pay not through the day of removal but "through an estimated trial date of twenty-four months from the date the Complaint was filed." (Doc. 1 at 2) As *Davis v. Tampa Ship, LLC*, 2014 WL 2441900, at *1 (M.D. Fla. May 30, 2014), explains, "the amount in controversy is determined at the time of

removal" and "the defendant must exclude post-removal back pay when computing the amount in controversy." By including in the amount in controversy the post-removal back pay through a presumptive date of trial twenty-four months distant, the defendant ignores the high likelihood that this action will resolve before trial. *See Tampa Ship, LLC*, 2014 WL 2441900, at *2 ("Indeed, not one of . . . seven actions . . . that utilized post-removal back-pay for subject matter jurisdiction resulted in a trial, and six of the seven actions ended before the estimated trial date."). Further, including post-removal back pay ignores the effect of mitigation. *See Ambridge v. Wells Fargo Bank, N.A.*, 2014 WL 4471545, at *3 (M.D. Fla. Sept. 10, 2014) (Kovachevich, J.) (stating that "back pay damages for the purposes of calculating the amount in controversy will be reduced by the amount of mitigation," but "predict[ing] whether Plaintiff will or will not continue to mitigate his damages between the date of removal and that estimated trial date" is "too uncertain").

Also, the defendant mistakenly relies on "at least one year of front pay" to establish the amount in controversy. *See Tampa Ship*, 2014 WL 2441900 (excluding front pay from the amount in controversy); *Gavronsky v. Walgreen Co.*, 2010 WL 717485 (M.D. Fla. Feb. 26, 2010) (Melton, J.) (same).

Finally, the defendant states that the plaintiff's estimated damages from back pay and front pay "combined with possible damages for benefits, emotional distress, and attorney's fees, well exceed the jurisdictional threshold of $75,000." (Doc. 1 at 2) However, neither the complaint nor the notice of removal alleges any fact that

permits an estimate of the plaintiff's "damages for benefits, emotional distress, [or] attorney's fees." Thus, the defendant fails to establish the amount in controversy. *See Love v. Northern Tool & Equip. Co.*, 2008 WL 2955124, * 5 (S.D. Fla. Aug.1, 2008) (Cooke, J.) (stating that although "[c]ourts have considered plaintiffs' claims for emotional distress damages in determining the amount in controversy," emotional distress damages are excluded if the parties present no evidence to determine the amount); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (prohibiting speculation in establishing the amount in controversy). Further, only the attorney's fees accrued to the day of removal can contribute to the amount in controversy. *Waltemyer v. Nw. Mut. Life Ins.*, 2007 WL 419663, at *2 (M.D. Fla. Feb. 2, 2007) (Steele, J.).

This action is **REMANDED** under 28 U.S.C. § 1447(c) for failure of the removing party to invoke federal jurisdiction. The clerk is directed (1) to mail a certified copy of this order to the clerk of the Circuit Court for Pasco County, Florida, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on August 12, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE